UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MELISSA MILLAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| WORLDWIDE PROCESSING GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, MELISSA MILLAY ("Plaintiff"), through her attorneys, Molner Law Group, LLC, alleges the following against Defendant, WORLDWIDE PROCESSING GROUP, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

## JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5.  Plaintiff is a natural person residing in the independent City of St. Louis, State of Missouri.

6.  Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7.  Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8.  Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9.  Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a New York limited liability company and national collection agency based in the Town of Hamburg, Erie County, State of New York.

11. Defendant is a business entity engaged in the collection of debt within the State of Missouri.

12. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

13. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

14. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

15. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

2

## FACTUAL ALLEGATIONS

16. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff.

17. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

18. In or around December 2019, Defendant began calling Plaintiff in an attempt to collect the alleged debt.

19. Defendant calls Plaintiff on her cellular telephone at 314-696-9533 in an attempt to collect the alleged debt.

20. In or around December 2019, Plaintiff first answered one of Defendant's collection calls.

21. During the above-referenced collection call, Defendant's collector failed to disclose that he was calling from Worldwide Processing Group, LLC.

22. During the above-referenced collection call, Plaintiff requested that Defendant provide Plaintiff with written verification of the alleged debt.

23. In or around January 2020, one of Defendant's collectors who identified himself as "Joe from FMR" left Plaintiff a voicemail message.

24. With regard to the above-referenced voicemail message:

   a. Defendant's collector failed to disclose that the call was from Worldwide Processing Group, LLC;

   b. Defendant's collector failed to disclose that the call was made in an attempt to collect a debt;

   c. Defendant's collector falsely claimed that Defendant had provided Plaintiff with

the requested documentation; and

    d.  Defendant's collector gave 877-738-1996 as his callback number, which is one of Defendant's telephone numbers.

25. Defendant's collector's false claim that Defendant provided the requested verification was merely a ruse to get Plaintiff to call Defendant.

26. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt Plaintiff allegedly owed.

27. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

28. Defendant violated the FDCPA based on the following:

    a.  Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant engaged in all of the misconduct alleged herein;

    b.  Defendant violated § 1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when Defendant's collectors failed to disclose that the calls were from Worldwide Processing Group, LLC both when speaking to Plaintiff and when leaving voicemail messages for Plaintiff;

    c.  Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant created the false impression on Plaintiff that Defendant

was permitted by law to engage in illegal debt collection tactics with impunity;

d.  Defendant violated § 1692e(10) of the FDCPA by its use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer when Defendant created the false impression on Plaintiff that Defendant was permitted by law to engage in illegal debt collection tactics with impunity;

e.  Defendant violated § 1692e(11) of the FDCPA when Defendant left Plaintiff a voicemail message that did not state that the communication was made in an attempt to collect a debt; and

f.  Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

WHEREFORE, Plaintiff, MELISSA MILLAY, respectfully requests judgment be entered against Defendant, WORLDWIDE PROCESSING GROUP, LLC, for the following:

29. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

30. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

31. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

April 15, 2020              By:   /s/ Mark D. Molner

                                Mark D. Molner, Esq. (SBN 62189)
                                MOLNER LAW GROUP, LLC
                                300 E. 39th Street, Suite #1G
                                Kansas City, MO 64111
                                T (816) 281-8549
                                F (816) 817-1473
                                mark@molnerlaw.com